UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES A. NICHOLS,

      Plaintiff,

v.                                                   Case No. 17-cv-662-pp

JON E. LITSCHER
and J.B. VAN HOLLEN,

      Defendants.

---

**ORDER GRANTING AMENDED MOTION TO STAY AND ABATE PROTECTIVE PETITION (DKT. NO. 5) AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES WITH THE RIGHT TO REOPEN**

---

On May 10, 2017, the petitioner, through counsel, filed a petition for writ of *habeas corpus*, challenging his November 28, 2007 judgment of conviction in Marinette County Circuit Court. Dkt. No. 1. A jury had found the petitioner guilty on the following counts: second-degree intentional homicide with use of a dangerous weapon under Wis. Stat. §940.05(1) and 939.63; being a felon in a possession of a firearm in violation of Wis. Stat. §941.29(2)(a); and hiding a corpse under Wis. Stat. §940.11(2)—all as a habitual criminal under Wis. Stat. §939.62(1)(c). Id. at 1. The petitioner filed a direct appeal, and the court of appeals affirmed the convictions. State v. Nichols, 317 Wis. 2d 730 (Ct. App. 2009). On April 2, 2009, the Wisconsin Supreme Court denied the petition for writ of *certiorari*. Nichols, 321 Wis. 2d 48 (2009). Eight years later, the

petitioner filed a Knight[1] petition in the court of appeals, alleging ineffective assistance of appellate counsel. Id. at 4. On that same date, he filed the instant *habeas* petition in this court. Dkt. No. 1. The next day, he filed a motion to stay the *habeas* proceedings in this court. Dkt. No. 4. Before the court ruled on that motion, the petitioner filed an amended motion to stay the federal proceedings. Dkt. No. 5. In this amended motion, he notified the court that the court of appeals had dismissed the Knight petition on the ground that he should have raised his claim in the trial court in a Wis. Stat. §974.06 motion. Id. at 2. The petitioner also noted that Wisconsin law appeared to be unsettled on the question of where a party should raise an ineffective assistance of counsel claim. Id. at 3. The petitioner urged the court to stay the federal proceedings, so that he could litigate these issues in state court and exhaust his remedies. Id. at 6. The court will grant the amended motion to stay. The court will direct the clerk's office to administratively close the case, subject to reopening—and preservation of the original filing date—once the petitioner has exhausted his state remedies.

## I. Filing Requirements

The petitioner challenges his convictions in Marinette County Circuit Court, and he is incarcerated in that county. Under 28 U.S.C. §2241(d), a *habeas* petitioner files in the federal judicial district where the person is in custody, or in the district of the sentencing court. The General Order Regarding Assignment of Cases to the United States District Judge Designated to Hold

---

[1] State v. Knight, 484 N.W.2d 509 (Wis. 1992).

Court in Green Bay provides that *habeas* cases are randomly assigned among the judges in either division of the Eastern District, regardless of the district in which the person is in custody or in which the sentencing court sat. See http://www.wied.uscourts.gov/local-rules-and-orders, under the "Standing Orders" category (8th link in the list). Under that order, the petitioner's case is properly before this court.

The petitioner paid the $5 fee at the time of filing. Although the petitioner did not use the form required by the civil local rules, counsel has provided all information necessary for the court to review the petition, as required by the federal *habeas* rules. See Civil L.R. 9(a)(1)(E.D. Wis.), accessible at http://www.wied.uscourts.gov/local-rules-and-orders, under the "U.S. District Court for the Eastern District of Wisconsin Local Rules General, Civil, and Criminal" category (1st link on the list).

## II. Rule 4 Screening and Motion for Stay

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of *habeas* petitions, and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." At this stage, the court reviews the petition and any exhibits to determine whether the petitioner has stated constitutional or federal law claims that are cognizable on *habeas* review, have been exhausted in the state court system and have not been procedurally defaulted.

The petition alleges that both trial and appellate counsel were ineffective in numerous ways. Dkt. No. 1. It alleges that trial counsel was ineffective in failing to call the petitioner to testify in support of his self-defense defense, dkt. no. 1 at 6, and that appellate counsel was ineffective for failing to raise the fact that trial counsel did not file a motion to dismiss and vacate his Count One conviction and for failing to request a new sentencing hearing on Counts Two and Three, dkt. no. 1 at 8. It alleges that trial counsel was ineffective for failing to file a motion to sever Count One from Counts Two and Three, and for failing to stipulate to the petitioner's status as a repeat offender so that the jury would not hear about it multiple times. Dkt. No. 1 at 9-10. It asserts that appellate counsel was ineffective for failing to raise these errors on appeal. Id. at 11. It implies—although does not state directly—that trial counsel erred in failing to demand that the state produce DNA evidence, dkt. no. 1 at 12-14, and that appellate counsel was ineffective for failing to raise the error on appeal, dkt. no. 1 at 15. The petition states that appellate counsel was ineffective in failing to file a timely motion to dismiss the homicide count under Wis. Stat. §974.06, dkt. no. 1 at 16-18, and that appellate counsel erred in failing to raise that deficiency on appeal, dkt. no. 1 at 18. It asserts that trial counsel was ineffective for failing to file a motion to suppress statements the petitioner made to hospital staff and to suppress his identity, dkt. no. 1 at 20-22, and that appellate counsel was deficient in failing to raise that error on appeal, dkt. no. 1 at 22-23. It alleges that trial counsel was ineffective for failing to request a special jury instruction "regarding the prohibition of pyramiding of inference

4

upon inference in order to reach a conclusion of guilt," dkt. no. 1 at 23, and that appellate counsel erred in filing to make that argument on appeal, dkt. no. 1 at 25. Finally, the petition asserts that trial counsel was ineffective in failing to explore and argue the question of whether the decedent threatened the petitioner and coerced him into committing the charged offenses, dkt. no. 1 at 25-26, and that appellate counsel erred in failing to raise that failure on appeal, dkt. no. 1 at 26-27.

Under 28 U.S.C. §2254(b)(1)(A), this court cannot grant *habeas* relief until a petitioner has exhausted his available state court remedies. Generally, courts consider a claim exhausted if a petitioner presents it through one "complete round of the State's established appellate review process." Woodford v. Ngo, 548 U.S. 81, 92 (2006). If a petitioner presents a claim in federal court that has not been exhausted in state court, the federal court has several options—dismiss the federal case entirely; stay the federal case to let the petitioner go back to state court to exhaust his remedies; or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A); see also Rhines v. Weber, 544 U.S. 269, 278 (2005). For that reason, the Supreme Court has "instructed prisoners who are unsure about whether they have properly exhausted state remedies, to file a 'protective' petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (quoting Pace v. Diguglielmo, 544 U.S. 408,

416 (2005)). "Whenever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." Id.

The petitioner's amended motion to stay explains that the court of appeals denied his Knight petition on May 12, 2017, on the basis that he should have raised his ineffective assistance of appellate counsel claims in the trial court through a Wis. Stat. §974.06 motion. Dkt. No. 5 at 2. He argues that the court of appeals's decision creates a conflict in state law, and requires him both to litigate whether Knight has been overruled (presumably by filing a petition for review in the Wisconsin Supreme Court) and file a Wis. Stat. §974.06 motion for post-conviction relief. Id. at 6. From the state court docket, it appears that counsel has taken steps to pursue post-conviction relief. See State v. Nichols, Case No. 2007CF000005 (Marinette County Circuit Court) (accessible at https://wcca.wicourts.gov).

Liberally construing the allegations, the court finds that the petitioner has alleged colorable constitutional violations, including allegations that his trial and appellate counsel's errors violated his rights under the Sixth and Fourteenth Amendments. Despite conceding that his federal *habeas* petition appears to be time-barred, the petitioner also has raised questions as to whether the doctrine of equitable tolling may apply. Given the nature of his claims and the absence of any evidence of bad faith, the court will grant the petitioner's motion to stay the federal proceedings while the petitioner exhausts his claims in state court.

6

### III. Conclusion

The court **GRANTS** the petitioner's motion to stay the federal *habeas* proceedings. Dkt. No. 5.

The court **ORDERS** that the federal proceedings are **STAYED** until the petitioner has exhausted his state court remedies.

The **DIRECTS** the clerk of court to **CLOSE** this case for administrative purposes. The court **ORDERS** that within **thirty days** after the conclusion of his state court proceedings, the petitioner shall file a motion with this court (captioned "Motion to Reopen"), under the same case number, informing the court that the state court proceedings are finished and asking the court to reopen the federal case. Upon receipt of that motion, the court will reopen the case immediately, with the parties retaining all rights they would have had had the case not been closed for administrative purposes. The petitioner will have the benefit of the original filing date.

Under the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and the warden of the institution having custody of the petitioner.

Dated in Milwaukee, Wisconsin this 2nd day of February, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
