UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES A. NICHOLS,

Plaintiff,

v.                                                         Case No. 17-cv-662-pp

JON E. LITSCHER
and J.B. VAN HOLLEN,

Defendants.

**ORDER GRANTING PETITIONER'S MOTION TO REOPEN CASE
(DKT. NO. 9), DENYING PETITIONER'S MOTION FOR BAIL (DKT. NO. 12),
CONSTRUING PROPOSED SUPPLEMENTAL PETITION AS MOTION FOR
LEAVE TO FILE AMENDED PETITION AND GRANTING MOTION
(DKT. NO. 10) AND SCREENING AMENDED PETITION UNDER 28 U.S.C.
§2254**

On May 10, 2017, the petitioner—who currently is incarcerated at Jackson Correctional Institution and is representing himself—filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his November 28, 2007 judgment of conviction in Marinette County Circuit Court. Dkt. No. 1. On May 11, 2017, the petitioner filed a motion (and a week later, an amended motion) for a stay and abeyance of his federal *habeas* proceedings so that he could exhaust his state-court remedies. Dkt. Nos. 4 and 5. The court granted that request on February 2, 2018 and administratively closed the case. Dkt. No. 6.

On August 18, 2025, the court received from the petitioner a motion asking the court to reopen the case. Dkt. No. 9. On December 3, 2025, the court received from the petitioner a "proposed" supplemental petition, dkt. no.

1

10, which the court will construe as a motion for leave to file an amended petition. On December 29, 2025, the court received from the petitioner a motion requesting bail. Dkt. No. 12.

The court will grant the petitioner's motion to reopen the case and his motion for leave to file an amended petition and will screen the amended petition under Rule 4 of the Rules Governing Section 2254 Cases. The court will deny the petitioner's motion for bail.

## I. Background

### A. The Direct Appeal

In October 2007, after a five-day trial, a jury found the petitioner guilty of second-degree intentional homicide with use of a dangerous weapon in violation of Wis. Stat. §§940.05(1) and 939.63, being a felon in possession of a firearm in violation of Wis. Stat. §941.29(2)(a) and hiding a corpse in violation of Wis. Stat. §940.11(2), all as a habitual criminal under Wis. Stat. §939.62(1)(c). The circuit court sentenced the petitioner to a consecutive sentence totaling 69 years and 30 years of supervised release. See Dkt. No. 10-1 at 21–22; see also State v. Nichols, Case No. 2007CF005 (Marinette County Circuit Court) (available at https://wcca.wicourts.gov). The petitioner filed a direct appeal of his convictions, which the court of appeals affirmed. See State v. Nichols, 317 Wis. 2d 730 (Wis. Ct. App. 2009). On April 2, 2009, the Wisconsin Supreme Court denied the petitioner's petition for writ of *certiorari*. State v. Nichols, 321 Wis. 2d 48 (2009).

### B. The Federal *Habeas* Proceeding

On May 5, 2017, the petitioner filed a Knight[1] petition in the Wisconsin Court of Appeals, alleging ineffective assistance of appellate counsel. Dkt. No. 1

---

[1] See State v. Knight, 168 Wis. 2d 509 (Wis. 1992).

2

at 4. A few days later, on May 10, 2017, the petitioner filed the instant *habeas* petition in this federal court. Dkt. No. 1. The next day, he filed a motion to stay the federal *habeas* proceedings. Dkt. No. 4. But before the court had ruled on that motion, the petitioner filed an amended motion to stay the federal proceedings. Dkt. No. 5. In the amended motion, the petitioner notified the court that the Wisconsin Court of Appeals had dismissed his Knight petition on the ground that he should have raised his ineffective assistance of appellate counsel claim in the trial court in a post-conviction motion under Wis. Stat. §974.06. Id. at 2; see also Dkt. 10-1 at 67–69. The petitioner also asserted that Wisconsin law appeared to be unsettled on the question of where a party should raise an ineffective-assistance-of-appellate-counsel claim. Dkt. No. 5 at 3. The petitioner asked this court to stay the federal *habeas* proceedings so that he could litigate these issues in state court and exhaust his remedies. Id. at 6. The court granted his request. Dkt. No. 6. In its decision, the court ordered that within thirty days of the conclusion of his state court proceedings, the petitioner must file a motion asking the court to reopen the case. Id. at 7.

        C.      The Post-Conviction Motion and Appeals

The petitioner's post-conviction motion and appeals have a convoluted history.

In May 2017, the petitioner sought post-conviction relief from the state circuit court in a motion filed under Wis. Stat. §974.06. After a hearing, the circuit court denied the petitioner's request in an order dated October 11, 2017. Dkt. No. 10-1 at 71–72. The petitioner then filed a second post-conviction motion under Wis. Stat. §974.06(2) raising the same issues he had raised in his first motion, and added an argument claiming ineffective assistance of trial and appellate counsel for failure to move to disqualify Judge

3

Miron, the judge who presided over his October 2007 jury trial. The circuit court denied the second post-conviction motion on May 4, 2020, and denied it again on July 14, 2021 after rehearing. See id. at 74–78. The petitioner's post-conviction counsel filed a motion for reconsideration of the circuit court's July 14, 2021 decision, which the circuit court denied on July 30, 2021. Id. at 91–92. The petitioner appealed the circuit court's denial of his post-conviction motion and the motion for reconsideration. The Wisconsin Court of Appeals affirmed the circuit court's decision in a *per curiam* order dated January 1, 2024. Id. at 95–111. The Wisconsin Supreme Court denied the petitioner's petition for review on June 17, 2024. Id. at 113.

In addition to the post-conviction motion filed under Wis. Stat. §974.06(2), the petitioner's post-conviction counsel filed a separate motion under Wis. Stat. §974.06(8). This companion §974.06(8) motion argued that the petitioner's "post-conviction counsel rendered prejudicially ineffective assistance by failing to raise the issue that his appellate counsel rendered prejudicially ineffective assistance by failing to raise the issue that his trial counsel rendered prejudicially ineffective assistance for failing to file a Motion to Disqualify Judge Miron." Dkt. No. 10-1 at 14 (as in original). The circuit court denied the §974.06(8) motion.

While the appeal of the circuit court's denial of the §974.06(2) post-conviction motion was pending, the petitioner's post-conviction counsel filed a separate appeal from the circuit court's January 20, 2022 decision denying his §974.06(8) motion. Post-conviction counsel argued that the circuit court had erred by ruling on his §974.06(8) motion because the circuit court purportedly lacked jurisdiction pending a ruling on the petitioner's first appeal of the circuit court's order denying his §974.06(2) motion that raised a similar issue. The

4

court of appeals summarily affirmed the circuit court's decision in an order dated January 9, 2024. Dkt. No. 10-1 at 142–46.

## II.     The Petitioner's Motion to Reopen

On August 18, 2025, this court received from the petitioner a motion to reopen this federal *habeas* case. Dkt. No. 9. The petitioner attached three orders from the Wisconsin Supreme Court for Case No. 2024AP655. Dkt. No. 9-1. The first order—dated August 11, 2024—dismissed the petitioner's petition for post-conviction review because he failed to timely pay the filing fee. Id. at 2. In the second order, dated April 25, 2025, the Wisconsin Supreme Court vacated its earlier dismissal order because the petitioner had not received a copy of that order and had no knowledge of the filing fee requirement. The Supreme Court also ordered that in addition to being submitted through the court's e-filing system, a copy of its order and all future orders be mailed to the petitioner at the institution where he was then confined. Id. at 13–14. In the third order, dated May 21, 2025, the Supreme Court denied the petitioner's petition for review. Id. at 16.

As noted above, this court's order staying the case required the petitioner to file a motion to reopen within thirty days following the conclusion of his state court proceedings. Because the Wisconsin Supreme Court denied his petition for review on May 21, 2025, the petitioner's deadline to reopen his federal *habeas* proceeding was June 20, 2025. He didn't move to reopen until August 18, 2025, well outside the thirty-day period. But there's an explanation for the petitioner's delay. The petitioner says that on August 7, 2025, friends and family who were monitoring CCAP for him alerted him to the Wisconsin Supreme Court's denial of his petition. Dkt. 9 at ¶14. He also says that he never received a copy of that court's May 21, 2025 order in the mail. Id. at ¶16.

5

It appears that the petitioner has been diligent in pursuing his state court remedies and that he acted diligently to file his motion to reopen the federal *habeas* proceeding shortly after he learned from friends and family of the Wisconsin Supreme Court's dismissal of his petition for review. Crediting the petitioner's representation that he did not receive a copy of the Supreme Court's May 21, 2025 dismissal order in the mail and his exercise of reasonable diligence to reopen this case shortly after learning of it, the court will grant the petitioner's motion to reopen.

### III.    The Petitioner's Request to File an Amended Petition

On December 3, 2025, the petitioner filed a "proposed" supplemental petition, which the court will construe as a request for leave to amend his petition. Dkt. No. 10. Amended pleadings are governed by Federal Rule of Civil Procedure 15, which is "made applicable to habeas proceedings" by 28 U.S.C. §2242, Fed. R. Civ. P. 81(a)(4) and Rule 11 of the Rules Governing Habeas Cases. Mayle v. Felix, 545 U.S. 644, 655 (2005). Under Rule 15(a)(1), a party may amend its pleading "once as a matter of course no later than (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

The petitioner still may file an amended petition "as a matter of course." Although the court screened the original petition in its order staying the case, see dkt. 6 at 3–6, it has not ordered the respondents to be served nor have they filed a responsive pleading (because of the  stay). The court will direct the clerk's office to docket the amended petition at Dkt. No. 10 as the operative petition.

## IV.  The Amended Petition

The amended petition largely repeats the petitioner's allegations that both his trial and appellate counsel were ineffective. Liberally construing the amended petition, it asserts the following grounds for relief:

*Ground One* – The amended petition alleges that the petitioner was denied the right to appeal with the effective assistance of appellate counsel when the court of appeals denied his <u>Knight</u> petition, directing him to pursue post-conviction relief under Wis. Stat §974.06. The amended petition asserts that this violated the petitioner's Sixth and Fourteenth Amendment rights to effective assistance of appellate counsel. Dkt. No. 10 at 5. It also asserts that he was denied effective assistance of post-conviction counsel when counsel failed to seek review from the Wisconsin Supreme Court to resolve a conflict between <u>State *ex rel.* Rothering v. McCaughtry</u>, 205 Wis. 2d 675 (Wis. Ct. App. 1996) and <u>State *ex rel.* Panama v. Hepp</u>, 314 Wis. 2d 112 (Wis. Ct. App. 2008). <u>See</u> Dkt. No. 10 at 5–6.

*Ground Two* – The amended petition alleges that the petitioner was denied the right to effective assistance of post-conviction counsel when counsel did not file a notice of appeal from the circuit court's October 11, 2017 order denying the petitioner's first post-conviction motion under Wis. Stat. §974.06. Dkt. No. 10 at 7–8.

*Grounds Three and Four* – The amended petition alleges that trial counsel was ineffective by failing to file a motion to disqualify the judge presiding over the petitioner's jury trial because the judge previously had been a prosecutor "in a prior unrelated case" involving the petitioner. The amended petition alleges that the presiding judge could not have been fair and impartial for this reason. <u>See</u> <u>id.</u> at 4, 8–9. It also alleges that the petitioner's appellate and post-

7

conviction counsel failed to raise the issue regarding trial counsel's failure to file a motion to disqualify the judge presiding over his jury trial. Id. at 8–10.

*Ground Five* – The amended petition alleges that trial counsel was ineffective in failing to call the petitioner to testify in support of his self-defense defense and that appellate counsel was ineffective for failing to raise this issue in the petitioner's direct appeal. Dkt. No. 10 at 16–18.

*Ground Six* – The amended petition alleges that trial counsel was ineffective for failing to file a motion to sever Count One from Counts Two and Three, and for failing to stipulate to the petitioner's status as a repeat offender so that the jury would not hear about it multiple times. Id. at 18–20. It also alleges that appellate counsel was ineffective for failing to raise these errors on appeal. Id. at 21.

*Ground Seven* – The amended petition alleges that trial counsel erred in failing to demand that the state produce DNA evidence and that appellate counsel was ineffective for failing to raise the error on appeal. Id. at 21–25.

*Ground Eight* – The amended petition alleges that appellate counsel was ineffective in failing to file a timely motion to dismiss the homicide count under Wis. Stat. §974.02 and that appellate counsel erred by failing to raise that deficiency on appeal. Id. at 24–27.

*Ground Nine* – The amended petition alleges that trial counsel was ineffective for failing to file a motion to suppress statements the petitioner made to hospital staff and to suppress his identity and that appellate counsel was deficient in failing to raise that error on appeal. Id. at 27–30.

*Ground Ten* – The amended petition alleges that trial counsel was ineffective for failing to request a special jury instruction "regarding the prohibition of pyramiding of inference upon inference in order to reach a

8

conclusion of guilt" and that appellate counsel erred by failing to make that argument on appeal. Id. at 31–32.

*Ground Eleven* – The amended petition asserts that trial counsel was ineffective in failing to explore and argue the question of whether the decedent threatened the petitioner and coerced him into committing the charged offenses and that appellate counsel erred by failing to raise that failure on appeal. Id. at 32–34.

## V. Rule 4 Screening Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). And "federal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" Johnson v. Foster, 786 F.3d 501, 504 (7th Cir. 2015) (quoting Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014)). "This requirement has two components: the petitioner's claims must be exhausted, meaning that there is no remaining state court with jurisdiction, and the exhaustion must not be attributable to the petitioner's failure to comply with the state court system's procedural rules." Id. Even if a petitioner has exhausted a claim, the district court still may be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

## VI.    Discussion

Liberally construing the allegations in the amended petition, the court finds that the petitioner has alleged colorable constitutional violations as to

10

grounds one and three through eleven, based on the allegation that trial and appellate counsel's errors violated his rights to effective assistance of counsel under the Sixth and Fourteenth Amendments. The petitioner's allegation that he received ineffective assistance of post-conviction counsel on the other hand—asserted in grounds one, two, three and four of the amended petition—cannot support a petition for *habeas* relief. The claim asserted by the petitioner that his post-conviction counsel was ineffective is not cognizable on *habeas* review because there is "no federal constitutional right to effective assistance of post-conviction counsel." Link v. Luebbers, 469 F.3d 1197, 1206 (8th Cir. 2006); see also Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."); 28 U.S.C. §2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

The court will allow the petitioner to proceed on grounds one and grounds three through eleven of the amended petition, limited to the allegations that the petitioner received ineffective assistance of trial and appellate counsel in violation of his rights under the Sixth and Fourteenth Amendments. The court will not allow the petitioner to proceed on ground two, or on grounds one, three and four to the extent those claims are predicated on the allegation that the petitioner received ineffective assistance of post-conviction counsel. The court observed in its order staying the case that the petitioner's *habeas* petition appeared to be time-barred, but granted the stay because the petitioner had raised questions as to whether the doctrine of equitable tolling might apply. Dkt. No. 6 at 6. Some or all of the petitioner's claims may be time-barred, but at this early stage, the court cannot say that it

11

plainly appears from the face of the petition that the petitioner is not entitled to relief on his alleged grounds that he received ineffective assistance of trial and appellate counsel.

## VII. The Petitioner's Motion for Bail

The petitioner filed a motion requesting bail pending a final decision on his *habeas* petition. Dkt. No. 12. He also filed a supporting affidavit[2] from Dan Schmidt, a paralegal who assisted the attorneys involved in exhausting the petitioner's state remedies on appeal and in post-conviction proceedings. See Dkt. No. 11.

"[T]here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); Kramer v. Jenkins, 800 F.2d 708, 709 (7th Cir. 1986) (interpreting Cherek to allow federal district judges to admit bail to both state and federal petitioners); see also Bolante v. Keisler, 506 F.3d 618, 620 (7th Cir. 2007) ("Inherent judicial authority to grant bail to persons who have asked for relief in an application for habeas corpus is a natural incident of habeas corpus . . . . A judge ought to be able to decide whether the petitioner should be allowed to go free while his claim to freedom is being adjudicated.").

Courts should consider the requirements of 18 U.S.C. §3143(b), the federal statute that governs bail pending appeal for a federal conviction, as a

---

[2] Mr. Schmidt's affidavit is unnotarized, but it does appear to comply with the requirements for sworn declarations under 28 U.S.C. §1746 because it includes the requisite statement that the declarant swears "the facts stated herein are true and correct on the penalty of perjury." Dkt. No. 11 at 1; see also 28 U.S.C. §1746(2).

preliminary barrier to addressing the merits of a motion for release. Id. at 337–38 ("[A] defendant who cannot bring himself within its terms is not entitled to bail pending . . . [a] decision of his postconviction motion."). Under 18 U.S.C. §3141(b), the court may allow release pending appeal only if it finds (A) "by clear and convincing evidence that the person is not likely to flee or pose a danger" the community and (B) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" a favorable determination. "A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal." Cherek, 767 F.2d at 337.

Releasing the petitioner pending the resolution of his §2254 petition is not appropriate. First, the petitioner has not provided any evidence that he is not likely to flee or pose a danger to the community if released. Second, even if the petitioner could assure the court that he does not pose a risk of flight or a danger to the community, the threshold for *habeas* relief is high. See 28 U.S.C. §2254(d). The allegations the petitioner raised in his amended petition do not give the court confidence that he will be able to meet this high burden or that he is "likely" to obtain a favorable determination of his claims. The court will deny the petitioner's motion for bail.

## VIII. Conclusion

The court **GRANTS** the petitioner's motion to reopen the case. Dkt. No. 9.

The court **DENIES** the petitioner's motion for bail. Dkt. No. 12.

13

The court **CONSTRUES** the petitioner's proposed supplemental petition as a motion for leave to file an amended petition and **GRANTS** the motion. The court **DIRECTS** the clerk's office to docket the petitioner's proposed supplemental petition and attached exhibits as an amended petition. Dkt. Nos. 10, 10-1.

The court **ORDERS** that the petitioner may proceed on grounds one, three, four, five, six, seven, eight, nine, ten and eleven based on the allegations that the petitioner received ineffective assistance of trial and appellate counsel in violation of his rights under the Sixth and Fourteenth Amendments.

The court **ORDERS** that within sixty days of the date of this order, the respondents must answer or otherwise respond to the amended petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondents file the answer to file a brief in support of his amended petition;

(2) the respondents have forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondents file the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer to the amended petition, the respondents file a dispositive motion:

(1) the respondents must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondents file the motion;

(3) the respondents have thirty days after the petitioner files his opposition brief to file a reply brief, if the respondents choose to file such a brief.

The parties must submit their pleadings in time for the court to receive them by the stated deadlines.

Under Civil Local Rule 7(f) (E.D. Wis.), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 5th day of August, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**

15